**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

      **v.**                              Case No. 3:05cr43/RV

**CINDY KAY HANNA**
                                         /

## ORDER

On September 7, 2005, the defendant was found guilty by a jury of Armed Bank Robbery. She was sentenced on November 17, 2005, to 57 months imprisonment, followed by 3 years supervised release.

The defendant has filed a motion for reduction of sentence (doc. 61) pursuant to Title 18, United States Code, Section 3582(c)(2), based on an amendment to the sentencing guidelines. Title 18, United States Code, Section 3582 authorizes a modification of the imposed term of imprisonment only if the sentencing guideline range has been lowered by the Sentencing Commission. The defendant specifically cites Amendment 709 (listed as #12 in this amendment cycle) which addresses misdemeanor and petty offenses scored under section 4A1.2(c)(1). This amendment has not been made retroactive by the Sentencing Commission (*see* § 1B1.10 for list of retroactive amendments). Therefore, it would not apply to the defendant.

The defendant also wrote a letter to the Court dated November 3, 2007, wherein she argues her criminal history category was miscalculated in the report. She states the conviction from Nebraska (paragraph 47 of the report) was over ten years old and should not have been scored.

The defendant committed the offense of Armed Bank Robbery on January 21, 2004. Guideline section 4A1.1(e)(1) requires counting any prior sentence of imprisonment exceeding one year and one month that was imposed within 15 years of the commencement of the instant offense. The guideline also states that if a defendant serves any term of imprisonment during this fifteen year period, the offense is to be scored. The defendant was sentenced on January 11, 1990, to a state prison term (1 to 3 years and 3 to 6 years) for Theft and Forgery offenses and was released from prison on May 20, 1993. Therefore, any imprisonment term imposed after January 21, 1989, is scorable. Both of the above dates fall within this applicable time period. Had this offense not resulted in a term of imprisonment exceeding one year and one month, this offense would not be scorable. The only other conviction in the defendant's case is located in paragraph 50 of the report. This offense is a Petit Larceny conviction imposed on August 8, 1997, which is well within the ten year time period. Petit Larceny is not one of the offenses described in section 4A1.2(c)(1), which would be impacted by Amendment 709.

Therefore, the defendant's motion must be, and is, DENIED.

**DONE AND ORDERED** this 8th day of January, 2008.

*/s/Roger Vinson*
**ROGER VINSON**
**Senior U. S. District Judge**